**McCLAIN v. SOCONY–VACUUM OIL CO., Inc., et al.**

**No. 422.**

United States District Court
S. D. Missouri, W. D.

May 27, 1950.

Frank B. Williams, Springfield, Mo., Edward V. Sweeney, Monett, Mo., for plaintiff.

David T. Searls of Vinson, Elkins, Weems & Francis; Houston, Tex., Frank C. Mann of Mann, Mann, Walter, & Powell, Springfield, Mo., for defendant.

REEVES, Chief Judge.

■ By their motion the defendants have asked the court to try the issue of liability separate and apart from that of damages as claimed by the plaintiff. With great commendable frankness, counsel for the movant concedes that the matter is wholly discretionary with the court. While this is true, the court should not abuse its discretion.

The motions have been examined in the light of the authorities relied upon by defendants.

The plaintiff claims a right of action for damages accruing to him perforce the provisions of Section 16, Title 15 U.S.C.A. and the decision of the Supreme Court in United States v. Socony Vacuum Oil Co., Inc., et al., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129. Said Section, supra, provides that: "A final judgment * * * rendered in any criminal prosecution * * * brought by * * * the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment * * * would be an estoppel as between the parties thereto." The defendants were convicted of violating the antitrust laws, and such conviction was sustained in United States v. Socony Vacuum Oil Co. Inc., supra.

In this case, the plaintiff has stated a cause of action for alleged damages claimed to have accrued to him by reason of the conspiracy of the defendants.

Federal Rules of Civil Procedure, rule 42(b), 28 U.S.C.A., provides that: "The court in furtherance of convenience * * * may order a separate trial * * * of any separate issue * * *." By their motion defendants claim that there is a separate issue as to liability wholly apart from the question of damages and they cite the following cases, among others: Twin Ports Oil Co. v. Pure Oil Co., 8 Cir., 119 F.2d 747; Clark Oil Co. v. Phillips Petroleum Co., 8 Cir., 148 F.2d 580; Farmers Co-op Oil Co. v. Socony-Vacuum Oil Co., Inc., et al., 8 Cir., 133 F.2d 101. These cases have been examined.

In the Twin Ports Oil Company case, Judge Nordbye sustained a motion and directed verdict for the defendants at the close of plaintiff's case on the grounds that no damage had been established by the evidence. The Court of Appeals sustained Judge Nordbye and carefully pointed out, as did Judge Nordbye, that the plaintiff had sustained no damages as contended by it for the reason that its margins of profit were not in any way "lessened." The Court of Appeals, after stating the facts, 119 F.2d loc. cit. 750, said: "Therefore, there was no loss in margins, nor in the sale of appellant's property that could be attributed to this so-called buying program." In the other cases, the motions to dismiss were sustained upon the pleadings and the admissions of counsel. In each case it appeared conclusively that the complainants had suffered no damages.

In this case the complainant not only states a cause of action but points out in his pleadings as well as in his answer to interrogatories that an actual loss and damage was sustained by reason of the conspiracy and unlawful acts of the defendants.

■ There is, therefore, no issue of liability separate and apart from the claimed damages. It would be repetitious, therefore, to spend one day or two days hearing testimony on the question of damages so that it may be determined whether there was a liability. As in the Twin Ports Oil Co. case, supra, the defendants will have their opportunity, at the close of the plaintiff's case, by motion for a directed verdict, if it shall then appear that the plaintiff has established no damages as alleged by him in his complaint.

It would follow that the defendants are not entitled to a trial of a separate issue in accordance with their motion and that same should be overruled.